## BUCKEYE STATE BLDG & LOAN ASSN v SULLIVAN et

Ohio Appeals, 2nd Dist, Franklin Co

No 2839. Decided July 19, 1938

Wilson & Rector, Columbus, for plaintiff-appellant.

Frank J. Collopy, Columbus, for defendant-appellee.

## OPINION

By THE COURT

This cause is before this court upon appeal on questions of law and fact.

We will not go in detail into a discussion of the facts presented by this record, but will say simply that they involve the estate of Emma A. Sullivan and raise the question as to whether or not the plaintiff is entitled to be subrogated to the rights of the executor of her estate.

Briefly the facts are: Ella A. Sullivan died testate in 1925, appointing John K. Kennedy her executor. She was then the owner of two parcels of real estate in the City of Columbus, one of which was encumbered by a mortgage somewhat in excess of $38,000.00, the other of which and that which is here involved was mortgaged in the amount of $4000.00. There were other debts due to various creditors, some of whom had liens and some, not, in approximately the sum of $25,000.00.

From 1925 to 1928 the property produced rentals from which the executor paid certain legacies and some indebtedness of the estate. In 1928 in order to delay the sale of the property for the purpose of paying debts and to take advantage of what was thought to be a rising market, all the heirs and devisees of Ella Sullivan borrowed from the Buckeye State Building & Loan Association, plaintiff-appellant, the sum of $56,000.00, $6000.00 being secured by mortgage on the property now in controversy and $50,000.00 upon the second, more valuable piece of property. The latter mortgage has been paid. There were certain minors and persons under guardianship and the guardians of such secured an order of the Probate Court giving them authority to execute the mortgage to the Buckeye.

The executor has in his possession at this time about $5200.00 belonging to the decedent's estate which will ultimately be distributed in accordance with the will unless the plaintiff herein prevails and has the same distributed to it under its claim of subrogation.

A question was raised as to the provisions of certain items of the will, it being claimed on the one hand that by the provisions of the will the property was to be sold by the executor and the estate distributed in money. On the other hand it was maintained that at least as to five-sixths of the estate the devisees took title in fee simple, and that the mortgage was a valid first lien upon the property. As to one-sixth of the property it appears by the 15th Item of the will the title did not vest and that as to this undivided interest in the property the mortgage was invalid and conveyed to the mortgagee no title. This was the holding of the court below.

It appears also that certain of the devisees signed the mortgage note. The court found in the entry of July 27, 1927, that the parties signing the note are indebted to the plaintiff upon the note in the sum of $6532.50 and it was adjudged that the plaintiff recover of the named parties said sum, to which exceptions were taken by certain of the parties. The court further found that by the will five of the parties were devised and upon the death of Ella Sullivan became the owners and holders of an undivided one-sixth interest each.

It appears that since the probating of the will that one of the original devisees has died and one at least of the minors has become of age and the court holds that each of the five is entitled to one-sixth of the estate. It is fruther found that to secure the note, a mortgage was given and that it is now a valid lien against the undivided 25/30 or five-sixths interest of the several parties named and that the condition of the mortgage has been broken. It is ordered that the parties pay the judgment debt and that on failure the equity be foreclosed and the said five-sixths be sold as upon execution.

The court further found that the funds borrowed of the plaintiff, evidenced by the note, were used by the executor and that all the debts were paid by the executor; that the same were secured by liens but that the Buckeye Company is not entitled to be subrogated to the rights of the executor or to the rights of the creditors whose said claims and liens were paid out of the fund by the executor, in or to any of the funds now belonging to the estate and in the possession of the executor "except as any excess of said funds over and above the net principal only of the trust estate created by Item 15 of said will".

As we understand the ultimate result of the judgment of the court it is that the mortgage instead of conveying to the mortgagee the entire interest in said property conveyed only a five-sixths interest and that the executor has in his hands a certain fund, a portion of which at least belongs to the trust created under Item 15 of the will which represents the one-sixth interest in the real estate that was not covered by the mortgage. The plaintiff herein anticipates that there will be difficulty in selling a five-sixths interest in the real estate for a sufficient amount to pay the obligation evidenced by the mortgage notes now reduced to judgment, and therefore asks for the right to subrogation.

The court by its order gives it that right

"in any excess of said funds over and above the net principal only of the trust estate created by Item 15".

There is a close question on the cross appeal of the defendants whether or not the title to five-sixths of the estate was in the executor. The Probate Court held that it was. However, we do not believe this would make any practical difference in the rights of the plaintiff, inasmuch as it could not be heard to assert any superior claim against the executor because it was cognizant at all times of the purposes for which the proceeds of the mortgage were to be used.

Upon the major question of subrogation we are unable to find that upon any theory the Buckeye Building & Loan Company should have been subrogated to anybody's rights. With full knowledge of the situation it extended its credit to those who signed its note and took as security a mortgage on their real estate. The plaintiff recites that the mortgaged property is only worth $6,000.00, whereas Rankin, a witness for the plaintiff, testified on cross-examination that it was worth $7,500.00 If this be so, the plaintiff stands to lose nothing and we are determining a moot question insofar as plaintiff's rights are concerned.

But without respect to this question, upon the equities the plaintiff is not entitled to subrogation. If the fund now in the hands of the executor be taken it will clearly come from the share which will pass to the ultimate beneficiaries under the trust, as to whose property the plaintiff never had any claim. The money that the executor has been dispensing to other devisees and legatees probably includes that upon which the Buckeye might have some claim eventually, but it also includes some of the funds against which, no doubt, the cestuis also have or will have claims. We see no merit whatever in the contention of the plaintiff that it should be given any part of the money which is now in the hands of the executor and which should be used as a trust fund under that item of the will creating the trust. There is some merit in the position of the trial judge that the plaintiff is chargeable with laches. However, this can not be material as against the fund which the plaintiff seeks now to reach because it has no claim, directly or indirectly against it. We have carefully read the very exhaustive opinion of the court, together with the bill of exceptions and the briefs. We are in accord with the decision of the court below with the exception of the right of plaintiff to be subrogated in any funds held under Item 15. We concur in the very wise suggestion made by the court that the parties so arrange their matters that the entire estate may be offered for sale instead of the undivided five-sixths.

Entry accordingly.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.